**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LOURDES MARIA | ) | Case No. 26-1-8471-LSS |
| LUCERO DE HERRERA, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Lourdes Maria Lucero de Herrera (the "Debtor"), through counsel, opposes the Trustee's Motion to Dismiss (the "Motion"). Her non-filing husband, a co-obligor on the mortgage, has committed his disclosed income to cures arrears on the family home. That income satisfies §§ 109(e) and 1325(a)(6).

BACKGROUND

1. The Debtor's primary scheduled debt is pre-petition arrears on the mortgage on her and her husband's primary residence. She and her husband are both obligors on the note. Schedule I discloses the husband's income, which he has committed to the plan.

2. The husband received a Chapter 7 discharge earlier this year (In re: Lorenzo Herrera, Case No.25-20892) which relieved him of his personal liability on the note but not the lien, and did not affect the Debtor's liability. With his debts discharged, his income is free to fund this plan.

ARGUMENT

3. Spousal income can be regular income. Section 101(30) asks whether income is "sufficiently stable and regular" to fund a plan, and nothing requires the debtor to earn it personally. Courts accept a committed non-filing spouse's income. *In re Mullins*, 360 B.R. 493, 500–01 (Bankr. W.D. Va. 2007) (husband's income; noting he was co-obligor on the residence);

*In re Antoine*, 208 B.R. 17, 19–20 (Bankr. E.D.N.Y. 1997) (unemployed debtor; wife's affidavit committing her income). *Cf. In re Solomon*, 166 B.R. 832 (Bankr. D. Md. 1994) (plan income need not be estate property).

4. The husband is employed, was liable on the same note, and lives in the home the Plan seeks to preserve. That is unlike the gratuitous family help rejected in *In re Page*, 519 B.R. 908 (Bankr. M.D.N.C. 2014).

5. The case is filed in good faith. Under the totality test, *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982), the Debtor is curing her own home mortgage default, the purpose § 1322(b)(5) serves. Chapter 13 may address a lien surviving a Chapter 7 discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 87 (1991). The plan is small and fully disclosed.

WHEREFORE, the Debtor requests that the Court deny the Motion, and grant other appropriate relief as it deems necessary and proper.

Respectfully submitted,

/s/ Jeremy C. Huang
Jeremy Huang, Esq., Bar No. 18193
ROWE WEINSTEIN & SOHN PLLC
909 Rose Avenue, Suite 640
N. Bethesda, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
jhuang@rowepllc.com
Counsel for the Debtor

CERTIFICATE OF SERVICE

I certify that on this 9th day of October, the foregoing response and its attached supporting papers were served on the following persons by the methods stated below:

Timothy P. Branigan
Chapter 13 Trustee
9891 Broken Land Parkway, Suite 301
Columbia, Maryland 21046

/s/ Jeremy C. Huang
Jeremy Huang, Esq., Bar No. 18193